14UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR FISHER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **WALLCUR, LLC, ET AL.** | **NO. 15-144-BAJ-RLB** |

**ORDER**

Before the Court is Plaintiffs' Second Motion to Amend Scheduling Order. (R. Doc. 27) filed on April 8, 2016. Plaintiffs seek extensions of the Court's pre-trial deadlines through the filing of dispositive motions. Wallcur, LLC and Moore Medical LLC ("Defendants") filed separate responses objecting to the extensions requested by Plaintiff with the exception of a one-month extensions of the deadlines to conduct non-expert discovery and exchange expert reports. (R. Doc. 28; R. Doc. 30).

Also before the Court is Plaintiffs' Motion for Hearing and Oral Argument (R. Doc. 33) filed on April 21, 2016. Defendants have informed the undersigned's chambers that this Motion is unopposed.

**I.   Background**

Plaintiffs initiated this action in state court, alleging that the Defendants are liable for distributing and manufacturing a contaminated saline solution that was injected into plaintiff Victor Fisher's body, causing him severe physical injuries. (R. Doc. 1-2). Wallcur, LLC removed the action to this Court on March 11, 2015. (R. Doc. 1).

On May 14, 2015, the Court entered a Scheduling Order (R. Doc. 9) based upon deadlines requested by the parties in a Joint Status Report (R. Doc. 8). Among other deadlines, the Court set the deadline to amend the pleadings on July 15, 2015; the deadline to complete

non-expert discovery on December 11, 2015; the deadline to complete expert discovery on May 13, 2016; the deadline to file dispositive motions and Daubert motions on May 31, 2016; and for trial to commence on January 30, 2017. (R. Doc. 9 at 1-3).

On October 20, 2015, Plaintiffs' former counsel was replaced by Plaintiffs' current counsel. (R. Doc. 13).

On November 13, 2015, the Court found good cause to extend the deadlines in its Scheduling Order in light of Plaintiffs' unopposed motion. (R. Doc. 16).  Among other deadlines, the court reset the deadline to complete non-expert discovery to April 15, 2016; the deadline to complete expert discovery to July 11, 2016; the deadline to file dispositive motions and Daubert motions to July 15, 2016. (R. Doc. 16 at 1-3).  The Court stated that all other deadlines remained unchanged, which included the expired deadline to amend the pleadings previously set for July 15, 2015. (R. Doc. 16 at 2).

On March 17, 2016, Plaintiffs filed a Motion to Amend Scheduling Order (R. Doc. 23), through which Plaintiffs requested an in-person status conference with the Court for the purpose of discussing various modifications of the Court's deadlines, including extensions of the expert discovery deadlines and the deadline to amend the pleadings to identify new defendants and claims.  In response to that Motion, Defendants both filed a Memorandum in Response setting forth their limited agreement to minor modifications of certain discovery deadlines but their objection to Plaintiff's apparent desire to re-open or extend any other deadlines, particularly those pertaining to amending the pleadings or adding new parties. (R. Doc. 24; R. Doc. 25).  The Court denied Plaintiffs' Motion on the basis that it did not provide sufficient detail for a finding of good cause to modify the Scheduling Order. (R. Doc. 26).

On April 8, 2016, Plaintiffs filed the instant Motion to Amend (R. Doc. 27) to obtain extensions of the Court's pre-trial deadlines through the filing of dispositive motions, including an extension to the deadline to amend the pleadings.  In response, Defendants assert that they do not have objections to approximately one-month extensions of the deadlines to complete non-expert discovery and the deadline to submit expert reports. (R. Doc. 29 at 2; R. Doc. 30 at 2). Defendants oppose, however, the additional extensions requested on the basis that Plaintiffs have not demonstrated good cause, particularly for an extension of the expired deadline to amend the pleadings. (R. Doc. 29 at 2-3; R. Doc. 30 at 2-3).

The Court stayed the deadlines for the parties to complete non-expert discovery and to exchange expert reports pending the resolution of the instant Motion. (R. Doc. 32).

## II.   Law and Analysis

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent.  The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  The Scheduling Order informed the parties of the following:

> The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery. Further, a motion to extend any deadline set by this Order must be filed before its expiration.

3

(R. Doc. 9 at 2).

In support of the instant Motion to Amend, Plaintiffs represent that "written discovery and discovery by deposition has been ongoing and is currently being conducted by all parties." (R. Doc. 27 at 1). More specifically, Plaintiffs assert that written discovery in the form of interrogatories, requests for production, and third-party subpoenas has been conducted, Plaintiffs' depositions have been conducted, and the depositions of five employees of the Aesthetic Medicine and Anti-Aging Clinic ("Clinic") have been taken. (R. Doc. 27 at 1). Plaintiffs further assert that the Rule 30(b)(6) depositions of Defendants have been scheduled or are in the process of being scheduled. (R. Doc. 27 at 2).

Plaintiffs represent that in light of the recent fact depositions, they have become aware that "several new witnesses with knowledge of important facts germane to liability in this case [exist] that will need to be deposed," including representatives of the U.S. Food and Drug Administration and Center for Disease Control involved in the investigation, and representatives of McKesson Medical-Surgical, Inc., a medical supply company believed to be affiliated with Moore Medical and a potential supplier of the saline solution at issue. (R. Doc. 27 at 2). Plaintiffs also suggest that they will need to obtain the deposition testimony of the plaintiff(s) in the similar matter *Timothy Edwin Miremont v. Wallcur, LLC, et al.*, Civil Action No. 15-192-BAJ-RLB, in light of certain HIPPA-related objections made at the depositions of Clinic employees, and take supplemental depositions of the Clinic witnesses. (R. Doc. 27 at 2-3). Finally, Plaintiffs argue that the Defendants did not make themselves available for Rule 30(b)(6) depositions in sufficient time prior to the Plaintiff's expert report deadline of April 15, 2016. (R. Doc. 27 at 3).

4

With regard to the deadline to amend pleadings, which expired on July 15, 2015, Plaintiffs argue that it should be extended to allow them the opportunity to name additional defendants and assert additional claims. Plaintiffs assert that they have only recently become aware that the physicians who administered the saline at issue are indispensable parties and the Clinic is a potential general negligence defendant in this matter. (R. Doc. 27 at 3-4). Plaintiffs further suggest that amendment is required to allege "the insufficiency or lack of adequate warnings" by the current defendants on the saline product at issue "based on information that was learned in the recent discovery." (R. Doc. 27 at 4). Plaintiffs have not submitted a proposed amended pleading.

Plaintiffs seek to extend the deadline to complete non-expert discovery by two months to June 16, 2016; the deadlines to submit expert reports by three months to July 15, 2016 (Plaintiff) and August 16, 2016 (Defendants); the expert discovery deadline by two months to September 13, 2016; and the dispositive motion and *Daubert* motion deadlines by two months to September 20, 2016. (R. Doc. 27 at 5). Plaintiffs do not propose a date on which the expired deadline to amend should be extended.

In light of the record, and the representations of the parties, the Court finds good cause for extending some of the deadlines requested by Plaintiffs. The Court acknowledges that Plaintiff has had a change of counsel on October 20, 2015. Nevertheless, present counsel was aware of the status of this case when he enrolled, including the deadlines in place. In addition, counsel had the opportunity to timely seek extensions of the Court's deadlines, including the deadline to amend the pleadings. Indeed, the Court provided certain extensions on November 13, 2015, and no request to extend the deadline to amend the pleadings was made. Despite the extension of the deadline to conduct non-expert discovery to April 15, 2016, the record suggests

5

that Plaintiffs did not conduct depositions of important witnesses until just weeks before the close of the extended deadline.  That said, given the change in counsel, and the late scheduling of the Rule 30(b)(6) depositions of Defendants, the Court will extend the remaining deadlines through the filing of dispositive motions and *Daubert* motions by approximately 30-45 days.

The Court will not, however, extend the expired deadline to amend the pleadings in the absence of a proposed amended pleading.  Furthermore, the Court is unconvinced at this time that Plaintiffs have acted diligently in seeking leave to amend his Complaint since obtaining new counsel in October 20, 2015.  The instant Motion does not specify why, despite their diligence, Plaintiffs were unable to identify a potential general negligence claim against the Clinic, as well as potential failure to warn claims against the already named defendants.  Moreover, the instant Motion does not identify what discovery responses or testimony made Plaintiff aware of this potential defendant and additional claims.  Finally, Plaintiff represents that the other potential defendants—the physicians who administered the saline—are involved in a "parallel medical malpractice action that is presently at the medical review panel stage."  (R. Doc. 27 at 4).  Plaintiff has not addressed or demonstrated whether any claim against any physician is viable at this time.[1]

---

[1] The Louisiana Medical Malpractice Act ("LMMA") provides in relevant part that "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." La. R.S. § 40:1231.8(B)(1)(a)(i).  "The Supreme Court of Louisiana has interpreted this provision to not only require the plaintiff to *present* the claim to a medical review panel, but also to wait until 'the panel has *rendered its expert opinion* on the merits of the complaint' before filing suit." *Flagg v. Stryker Corp.*, No. 14-31169, 2016 WL 1169067, at *3, -- F.3d - - (5th Cir. Mar. 24, 2016) (quoting *Delcambre v. Blood Sys., Inc.*, 893 So.2d 23, 27 (La. 2005)) (emphasis by 5th Circuit).  Accordingly, Plaintiff has no cause of action against the physician until the medical review panel has issued its opinion.  *See Flagg*, 2016 WL 1169067 (non-diverse health care providers was improperly joined as defendant in product liability action prior to the issuance of a medical review panel's expert opinion on the merits of the claims against the health care providers).

While the Court will not extend the deadline to amend pleadings based on the instant Motion, Plaintiff may still seek leave to further amend the complaint to assert additional claims and add additional defendants by filing an appropriate motion that attaches a proposed amended pleading and addresses the requirements of both Rule 15 and Rule 16.[2]

## III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 27) is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument (R. Doc. 33) is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 16(b)(4), the following deadlines are established:

1.   Discovery must be completed as follows:

   a.   **Filing** all discovery motions and **completing** all discovery except experts: **May 30, 2016.**

   b.   Expert reports must be submitted to opposing parties as follows:

---

[2] After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id.* at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id.* (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). In determining whether to grant leave to amend pursuant to Rule 15(a)(2), the Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

        **Plaintiff:**        **May 30, 2016.**

        **Defendants:**        **July 1, 2016.**

    c.    Discovery from experts must be completed by **August 15, 2016.**

2.    Deadline to file dispositive motions and *Daubert* motions: **August 22, 2016.**

All other deadlines remain as unchanged.

    Signed in Baton Rouge, Louisiana, on May 6, 2016.

        _____
        **RICHARD L. BOURGEOIS, JR.**
        **UNITED STATES MAGISTRATE JUDGE**